No. 98-531

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 119N

MARIUM ROGERS,

Plaintiff and Appellant,

v.

TOWN OF DARBY, MONTANA,

Defendant and Respondent.

APPEAL FROM: District Court of the Twenty-First Judicial District,

In and for the County of Ravalli,

The Honorable Jeffrey H. Langton, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Matthew J. Sisler, Missoula, Montana

For Respondent:

William L. Crowley, Cynthia K. Thiel, Boone, Karlberg & Haddon, Missoula, Montana; Edward A. Murphy, Datsopoulos, MacDonald & Lind, Missoula, Montana

Submitted on Briefs: January 7, 1999

Decided: May 28, 1999

Filed:

_____

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

¶1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases.

¶2. Plaintiff Marium Rogers filed suit in the District Court for the Twenty-First Judicial District, Ravalli County, against the town of Darby, alleging wrongful discharge. When the plaintiff failed to adequately respond to requests for discovery, the defendant filed a motion to compel. On August 4, 1998, the District Court entered an order granting the motion. In so doing, it found that the plaintiff had caused inordinate and significant delays in the case by failing to timely and adequately respond to the defendant's discovery requests. It held that the plaintiff's discovery responses were clearly inadequate and unresponsive in any meaningful way, and prevented the defendant from mounting a defense. The District Court reviewed each interrogatory and request for production of document and specified the information it expected the plaintiff to provide. It ordered the plaintiff to supplement her responses in accordance with its order within 15 days. The court also sanctioned the plaintiff by awarding costs and fees incurred by the defendant in filing its motion to compel. Additionally, the District Court warned the plaintiff that if she did not comply with its order, it would impose further sanctions, including dismissal of the entire complaint.

¶3. Late in the day on August 20, 1998, the plaintiff delivered a stack of documents to the defendant. On August 24, 1998, the plaintiff filed with the District Court, via facsimile, a different set of documents entitled supplemental discovery answers. The defendant claims that these supplemental responses also failed to comply with the District Court's August 4 order.

¶4. On August 25, 1998, the District Court entered an order dismissing the plaintiff's case. With regard to the stack of documents delivered to the defendant on August 20,

the court stated:

The discovery consists of two inches of photocopied documents. None of the documents are identified as responsive to particular discovery requests. Several of the documents are unintelligible either due to poor copy quality or because portions of the documents were cut off. The documents are, on the whole, a disorganized mishmash apparently thrown together at the last minute. They are wholly unresponsive to the specific requests made by the Defendant and are utterly non-compliant with the Court's Order of August 4.

**¶5. The court concluded that due to the plaintiff's counsel, the case had "inched along since its inception," and that the plaintiff was either unable or unwilling to comply with its August 4 order. It accordingly imposed Rule 37, M.R.Civ.P., sanctions and dismissed the case in its entirety.**

**¶6. Subsequently, on August 26, 1998, the District Court entered an amended order further noting that the discovery responses filed on August 24 were tardy. It noted that its August 4 order was filed on August 5, and that the responses were therefore due on August 20. The plaintiff had misapplied the Rule 6, M.R.Civ.P., 3-day mailing rule, because she did not mail her responses. The District Court then reaffirmed its earlier order dismissing the case in its entirety. The plaintiff now appeals.**

**¶7. The plaintiff contends that the District Court abused its discretion by imposing the most severe sanction possible under Rule 37, M.R.Civ.P. She argues that the failure to comply with the court's order was based upon a simple misunderstanding of Rule 6, M.R.Civ.P., and that the ultimate sanction, dismissal of the lawsuit, was not warranted. We disagree.**

**¶8. As the plaintiff concedes, we review the District Court's decision to determine whether it abused its discretion. We thus defer to the District Court's decision. As we have stated:**

This Court has addressed the imposition of Rule 37, M.R.Civ.P., sanctions several times in the recent past. The primary thread binding each of those decisions is the deference this Court gives to the decision of the trial judges. . . . The trial judge is in the best position to know . . . which parties callously disregard the rights of their opponents and other litigants seeking their day in court. The trial judge is also in the best position to determine which sanction is the most appropriate.

Eisenmenger v. Ethicon, Inc. (1994), 264 Mont. 393, 402-03, 871 P.2d 1313, 1319, <u>cert. denied</u>, 513 U.S. 919 (citation omitted).

**¶9. We do not agree with the plaintiff that the District Court abused its discretion when it dismissed the suit. Contrary to the plaintiff's contentions, the plaintiff's transgressions did not amount to a simple misunderstanding of Rule 6, M.R.Civ.P. A review of the entire record, including the parties' motions and affidavits, clearly reveals that the plaintiff engaged in dilatory tactics throughout the lawsuit and completely failed to adequately respond to the defendant's discovery requests. Indeed, by the time the plaintiff responded on August 20, six months had passed since the defendant had initially propounded the discovery requests, four months had passed since the defendant filed its motion to compel, and the time for answering discovery had passed on the Amended Case Scheduling order.**

**¶10. The court's frustration with the plaintiff was evident. In its August 4 order, the court not only ordered sanctions based upon the plaintiff's failure to timely and adequately respond to the discovery up to that point, but it also warned the plaintiff that any further failure to abide by its order would result in dismissal. When the plaintiff failed to abide by the court's order, the court dismissed the case as it had warned. As we have stated before, the trial court "is in the best position to know . . . which parties callously disregard the rights of their opponents . . . [and] which sanction is most appropriate." <u>Eisenmenger</u>, 264 Mont. at 502-03, 871 P.2d at 1319. We hold that the District Court did not abuse its discretion when it dismissed the case. Accordingly, we need not reach the defendant's contention that even if the plaintiff's August 24 responses are considered timely, the plaintiff once again failed to adequately respond to the discovery requests as ordered.**

**¶11. The plaintiff filed her notice of appeal by facsimile and mailed a copy to the defense counsel on August 27, 1998. On August 28, 1998, the defendant filed a motion in District Court to supplement the record with a memorandum and affidavits pertaining to a conference call the District Court held on August 26, 1998, and pertaining to the documents the plaintiff had produced on August 20, 1998. The defendant wanted to complete the record with regard to matters raised in its earlier "Notice of Plaintiff's Failure to Comply With Court Order and Request for Dismissal of Plaintiff's Complaint." The court allowed the defendant to file the documents. The plaintiff subsequently filed a motion to strike the documents, but the court denied the plaintiff's motion after noting that it retained jurisdiction over collateral matters.**

¶12. On appeal, the plaintiff contends that the District Court erred when it allowed the defendant to supplement the record. She contends that supplementation of the record to take into account circumstances occurring subsequent to the appeal is impermissible.

¶13. But the memorandum and affidavits filed by the defendant do not concern circumstances occurring subsequent to the appeal. Rather, they pertain to the plaintiff's production of documents and represent the argument presented to the court in the August 26 conference. Rule 9(f), M.R.App.P., authorizes the court to determine what should be in the record on appeal. We hold that the District Court did not err by allowing the documents to be filed to facilitate a complete record on appeal.

¶14. In any event, the heart of this appeal involves the plaintiff's appeal from the dismissal of the action. The District Court did not abuse it discretion in dismissing the case, with or without the supplementation of the record. Based upon all the foregoing, the decision of the District Court is affirmed.

¶15. Affirmed.


/S/ WILLIAM E. HUNT, SR.

We Concur:


/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER

/S/ KARLA M. GRAY

/S/ W. WILLIAM LEAPHART